In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00182-CR


______________________________




STEVEN DEON JONES, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the Sixth Judicial District Court


 Lamar County, Texas


Trial Court No. 22558




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Based on actions of Steven Deon Jones taken during a span of less than three months in late
2007 and early 2008, Jones was charged in Lamar County with three drug-related offenses. The
three charges were consolidated and tried together, resulting in convictions on all charges and
companion appeals to this Court. (1)

 In two of the five points of error asserted in this case, Jones attacks the judgment's recitation
that his offense was a third-degree felony and asserts that his offense is a state jail felony. We agree,
and will reform the judgment to reflect that the offense in this case is a state jail felony.

 In three other points of error in this case--points which are addressed in our opinion in the
companion case numbered 06-08-00181-CR, issued contemporaneously with the issuance of this
opinion--Jones asserts (1) that the statute of the offense should be set out in the judgment as Section
481.112 of the Texas Health and Safety Code, rather than Section 481.134 (the enhancement
provision triggered by drug activity in a drug-free zone); and (2) that the address of the playground
was not proven. For the reasons set out in our opinion in that companion case, we agree that the
proper statute of offense is Section 481.112--and so reform the trial court's judgment herein--but
find that the amendment of the indictment vitiated any need to prove the address of the playground.

 On October 29, 2007, Dale Seagroves, a confidential informant acting at the direction of, and
in cooperation with, the Paris Police Department, went to the Westgate Apartments complex in Paris,
Lamar County, Texas, seeking to buy drugs as part of a police operation to identify and arrest drug
dealers. After a brief conversation, Jones invited Seagroves into apartment 501 and sold Seagroves
$50.00 worth of crack cocaine. The police wanted to continue using Seagroves as a confidential
informant and drug buyer, so they did not arrest Jones at that time. About a week later, in an
unrelated incident, Jones was arrested after fleeing from a police officer. Jones was then charged
with, and convicted of, delivery of less than one gram of cocaine, while within a drug-free zone, and
sentenced to ten years' imprisonment.

 The trial court's judgment indicates that Jones was convicted of "delivery of a controlled
substance, to-wit: cocaine of less than one gram, drug free zone," and lists the degree of offense as
a "3rd degree felony." It also recites that the statute for the offense is Section 481.134 of the Texas
Health and Safety Code.

 It is a state jail felony to deliver less than one gram of cocaine. Tex. Health & Safety
Code Ann.§  481.102 (3)(d) (Vernon Supp. 2008), § 481.112(a), (b) (Vernon 2003). The statute that
defines the offense (manufacturing, delivering, or possessing with intent to deliver a controlled
substance  in  Penalty  Group  1)  is  subsection  (a)  of  Section  481.112,  while  subsections  (b)
through (f) of that statute set out the various levels of, or punishment for, the offense.

 Section 481.134 of the Texas Health and Safety Code defines drug-free zones and changes
either the level of, or punishment for, the offense, if committed in a drug-free zone. The applicable
portions of Section 481.134 provide:

 (b) An offense otherwise punishable as a state jail felony under Section
481.112 . . . is punishable as a felony of the third degree, and an offense otherwise
punishable as a felony of the second degree under any of those sections is punishable
as a felony of the first degree, if it is shown at the punishment phase of the trial of the
offense that the offense was committed:

 

 (1) in, on, or within 1,000 feet of premises owned, rented or
leased by an institution of higher learning, the premises of a public or
private youth center, or a playground;

 

 . . . .

 

 (d) An offense otherwise punishable under Section 481.112(b) . . . is a felony
of the third degree if it is shown on the trial of the offense that the offense was
committed:

 

 (1) in, on, or within 1,000 feet of any real property that is
owned, rented, or leased to a school or school board or the premises
of a public or private youth center; or

 

 (2) on a school bus.

(Emphasis added.)

 Here, the jury found that Jones committed the offense within 1,000 feet of a playground, a
drug-free zone; and, under Section 481.134(b), the state jail felony "is punishable as a felony of the
third degree." Tex. Health & Safety Code Ann. § 481.134(b) (Vernon Supp. 2008). Nothing in
subsection (b), however, alters the degree of offense. Section 481.134(d) can elevate a state jail
felony to a third-degree felony, but nothing in the record indicates Jones committed the offense on
a  school  bus  or  within  1,000  feet  of  the  premises  of  a  school  or  youth  center.  Therefore,
subsection (d) is inapplicable. See Tex. Health & Safety Code Ann. § 481.134(d) (Vernon Supp.
2008).

 We, therefore, reform the judgment in this case to reflect that the offense is a state jail felony. 
For the reasons given in our opinion of this date on Jones' appeal in cause number 06-08-00181-CR,
we also reform the judgment in this case to recite that Section 481.112 of the Texas Health and
Safety Code is the statute of offense; and, except as reformed, we affirm the trial court's judgment
in this case.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 14, 2009

Date Decided: October 23, 2009


Do Not Publish 

1. In trial-court cause number 22511--our cause number 06-08-00181-CR--Jones was charged
with possessing, with intent to deliver, between four and 200 grams of cocaine on or about
November 4, 2007. In trial-court cause number 22558--this case--Jones was charged with
delivering less than one gram of cocaine on or about October 29, 2007. In trial-court cause number
22653--our cause number 06-08-00183-CR--Jones was charged with delivering between one and
four grams of cocaine on or about January 17, 2008.


 maintain that such a generic reference to other possible witnesses does
provide the required notice to Johnson. We disagree. The applicable statute requires notice of the
name and address. See Tex. Code Crim. Proc. Ann. art. 39.14(b) (Vernon Supp. 2008). The trial
court's order in this case accordingly requires the same. While the State's generic reference to other
possible witnesses was not compliance, it was some notice to Johnson.